UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

BRYAN HAYS,

Plaintiff,

v.

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

Defendant.
______________________________________)

**COMPLAINT**

The Plaintiff, BRYAN HAYS ("HAYS"), by and through his undersigned counsel, hereby sues LIFE INSURANCE COMPANY OF NORTH AMERICA ("LINA"), and alleges as follows:

**JURISDICTION, VENUE AND PARTIES**

1. This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. HAYS brings this action to recover long-term disability ("LTD") benefits due to him under the terms of an employee welfare benefit plan, to enforce his rights under the plan and to clarify his rights to benefits under the terms of the plan.

2. HAYS was at all times relevant a citizen of the United States of America and in all respects sui juris.

3. LINA is a corporation with its principal place of business in the State of Pennsylvania, authorized to transact and is transacting business in the Southern District of Florida.

4. Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LINA, is authorized to and is doing business within the Southern District of Florida and "may be found" in the Southern District of Florida.

**FACTUAL ALLEGATIONS**

5. This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to HAYS by LINA.

6. HAYS was at all times material an employee of Macy's, Inc. ("MACY'S").

7. HAYS was at all times material a plan participant under the Macy's, Inc. Long Term Disability Policy, Policy Number VDT-980012 (the "LTD Plan") which is established by Macy's, Inc. and pursuant to which HAYS is entitled to benefits. A true and correct copy of the LTD Plan has been attached hereto as Exhibit "A."

8. The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9. LINA is the insurer of benefits under the LTD Plan and was appointed by MACY's, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10. As the decision maker and payer of plan benefits, LINA administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LINA is not entitled to a deferential standard of review.

11. Pursuant to the terms and conditions of the LTD Plan, HAYS is entitled to LTD benefits for the duration of his disability, for so long as he remains disabled as required under the terms of the LTD Plan.

12. According to the LTD Plan,

> **Definition of Disability/Disabled**
> The Associate is considered Disabled if, solely because of Injury or Sickness, he or she is unable to perform the essential duties of his or her Regular Occupation.
>
> After Disability Benefits have been payable for 24 months, the Associate is considered Disabled if, solely due to Injury or Sickness, he or she is unable to perform the essential duties of any occupation for which he or she is, or may reasonably become, qualified based on education, training or experience2.

13. Since approximately January 27, 2014, HAYS has been disabled under the terms of the LTD Plan.

14. Shortly after becoming disabled, HAYS made a claim to LINA under the LTD Plan for disability benefits which LINA initially denied by letter dated March 6, 2014.

15. HAYS timely and properly appealed LINA'S adverse determination by letter dated March 18, 2014.

16. By letter dated May 14, 2014, LINA affirmed its adverse determination and advised HAYS that its March 6, 2014 decision was correct.

17. On June 5, 2014, HAYS timely and properly filed his second appeal of LINA's denial of LTD benefits.

18. By way of a letter date August 14, 2014, LINA affirmed its previous decisions to deny benefits and informed HAYS that no further appeals would be considered and that all administrative levels of appeal had been exhausted.

19. At all relevant times, HAYS complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

20. At all relevant times, solely because of injury or sickness, HAYS has been unable to perform the essential duties of his regular occupation, as well as unable to perform the essential duties of any occupation for which he is, or may reasonably become, qualified based on education, training, or experience.

21. At all relevant times, HAYS has been under the regular care of a doctor.

22. At all relevant times, HAYS was a Covered Person under the LTD Plan.

23. HAYS became eligible to receive benefits beginning July 28, 2014.

24. From July 28, 2014 to the present date, HAYS has not received benefits owed to him under the LTD Plan, despite HAYS' right to these benefits.

25. LINA has refused to pay HAYS' LTD benefits since July 28, 2014.

26. At all relevant times, LINA was the payer of benefits.

27. At all relevant times, LINA was the "Insurance Company" identified throughout the LTD Plan.

28. At all relevant times, LINA was the Plan Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

29. At all relevant times, HAYS has been and remains Disabled and entitled to LTD benefits from LINA under the terms of the LTD Plan.

30. HAYS has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

31. HAYS incorporates Paragraphs 1 through 30 as if fully set forth herein.

32. This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

33. Pursuant to 29 U.S.C. §1132(a)(1)(B), HAYS, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

34. HAYS has no other adequate remedy at law to address the injuries he has suffered and will continue to suffer as a result of LINA'S failure to pay his disability benefits.

35. HAYS has exhausted all administrative remedies under the LTD Plan.

36. Defendant breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to HAYS at a time when LINA knew, or should have known, that HAYS was entitled to those benefits under the terms of the LTD Plan, as HAYS was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the termination of HAYS' claim for LTD benefits;

(c) After HAYS' claim was terminated in whole or in part, LINA failed to adequately describe to HAYS any additional material or information necessary for HAYS to perfect his claim along with an explanation of why such material is or was necessary.

(d) LINA failed to properly and adequately investigate the merits of HAYS' disability claim and failed to provide a full and fair review of HAYS' claim.

37. HAYS believes and thereon alleges that LINA wrongfully terminated his claim for disability benefits under the LTD Plan by other acts or omissions of which HAYS is presently unaware, but which may be discovered in this future litigation and which HAYS will immediately make LINA aware of once said acts or omissions are discovered

by HAYS.

38. Following the termination of benefits under the LTD Plan, HAYS exhausted all administrative remedies required under ERISA, and HAYS has performed all duties and obligations on his part to be performed under the LTD Plan.

39. As a proximate result of the aforementioned wrongful conduct of LINA, HAYS has damages for loss of disability benefits in a total sum to be shown at the time of trial.

40. As a further direct and proximate result of this improper determination regarding HAYS' claim for benefits, HAYS, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), HAYS is entitled to have such fees and costs paid by LINA.

41. The wrongful conduct of LINA has created uncertainty where none should exist, therefore, HAYS is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the terms of the LTD Plan.

**REQUEST FOR RELIEF**

WHEREFORE, BRYAN HAYS prays for relief against LIFE INSURANCE COMPANY OF NORTH AMERICA as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: November 6, 2014

ATTORNEYS DELL AND SCHAEFER, CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL 33020
(954) 620-8300

*S/ Alexander A. Palamara*

ALEXANDER A. PALAMARA, ESQUIRE
Florida Bar No: 0037170
Email: alex@diattorney.com
GREGORY MICHAEL DELL, ESQUIRE
Florida Bar No: 299560
Email: gdell@diattorney.com